IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| MID-AMERICA CARPENTERS REGIONAL COUNCIL, | ) ) ) | |
| Plaintiff, | ) ) | No. 22-C-291 |
| v. | ) ) | |
| ALBERT BOND, INTERRAIL OUTDOOR, LLC, and FOXPOINT INTERACTIVE, LLC, | ) ) ) ) | |
| Defendants. | ) | |

## MOTION TO DISMISS AND MEMORANDUM IN SUPPORT

The Plaintiff, Mid-America Carpenters Regional Council through its attorneys Terrance B. McGann and Karen M. Rioux of McGann Ketterman & Rioux, and James B. Martin of Dowd Bennett, and pursuant to F.R.C.P. 12(b)(6) state the following in support of its Motion to Dismiss Defendant Bond's Counterclaim:

### I. INTRODUCTION

As alleged in the Plaintiff's complaint, on September 27, 2021 the General President of the United Brotherhood of Carpenters and Joiners of America ("UBC") dissolved the St. Louis Kansas City Regional Council of Carpenters ("St. Louis Council"). This was accomplished under the terms of the UBC Constitution. The UBC then assigned the geographic jurisdiction of the former St. Louis Council to the Chicago Regional Council of Carpenters ("Chicago Council") whose name was changed to the Mid-America Carpenters Regional Council ("Mid-America Council"). Prior to the time that the UBC dissolved the St. Louis Council, Albert Bond ("Bond") was the Executive Secretary Treasurer. As a result of the dissolution Bond and the former officers of the St. Louis

1

Council lost their positions and the officers of the Chicago Council became the officers of the new Mid-America Council.

The Plaintiff filed its complaint against Bond, Interrail Outdoor, LLC, and Foxpoint, LLC under Section 501(a) of the Labor Management Reporting and Disclosure Act, 29 U.S.C. Section 501(a), alleging that Mr. Bond, in his capacity as the St. Louis Council's principal officer, caused more that $4 million in assets to be transferred to Interrail without proper authorization and further caused the transfer of additional Union assets for his own personal benefit.

On May 4, 2022 Bond filed his answer, affirmative defenses and counterclaims against the Plaintiff. The counterclaims include a request for a Declaratory Judgment (Count I) seeking to reinstate the former St. Louis Council, its officers, and assets; Quantum Meruit (Count II) seeking the proceeds held in his I.R.S. Section 457 Deferred Compensation Plan; Unjust Enrichment (Count III) seeking a return of assets to the former S. Louis Council; Conversion (Count IV, incorrectly labeled Count III), presumably under state law, seeking compensatory damages, interests and punitive damages for unlawfully and improperly dissolving the St. Louis Council and taking possession of its assets; and finally, Fraudulent Misrepresentation (Count V, incorrectly labored as Count IV), again seeking compensatory damages, interest, and punitive damages for misrepresenting that the St. Louis Council was dissolved and ceased to exist.

## II. STANDARD OF REVIEW AND CONSIDERATION OF MATERIALS EMBRACED BY THE COMPLAINT.

Generally courts considering a motion to dismiss under Rule 12 are limited to reviewing the well-plead allegations in a plaintiff or counter-plaintiff's complaint and its attached exhibits. The Eight Circuit has recognized a well-known exception to the general rule when the documents or materials are "embraced" by the pleadings. *Enervations, Inc. v. Min. & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004)("Though matters outside the pleadings may not be considered in deciding a

Rule 12(b)(6) motion to dismiss, documents necessarily embraced by a complaint are not matters outside the pleading"). Materials embraced by a complaint include "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." *Zean v. Fairview Health Services,* 858 F.3d 520, 526 (8th Cir. 2017), quoting *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151(8th Cir. 2012). In *Zean*, the Eight Circuit affirmed the decision of the district court to consider documents not attached to the pleadings which reflected the contractual relationship that refuted conclusory allegations in the complaint. *Zean*, at 526.

Similarly, the UBC Constitution which, along with the Bylaws of the former St. Louis Council, form the basis of the Union's claim against Bond, and is embraced by not only the Plaintiff's complaint (Complaint ¶'s 8 - 15, 18 - 20, 25- 26, 31, 36, 48, 58 and 65 - 66) but by Bond's answer (¶'s 8 -14 and 18 - 20) and affirmative defenses (¶'s 2, 4, 6 - 9, 26 -27 and 33), and counterclaim. While there may be a question about the application of the terms contained in the UBC Constitution and bylaws of the former St. Louis Council, there is no question raised about the authenticity of the documents. As a result, the Union attaches the UBC Constitution as Exhibit A to its Motion and Memorandum in Support of its Motion to Dismiss Bond's Counterclaim.

### III. ARGUMENT

#### A. Bond Fails to State a Claim upon Which Relief Can be Granted.

With the exception of Count II of Bond's Counterclaim which relates to his Section 457 Deferred Compensation Plan, Counts I, III, IV and V of Bond's Counterclaim are predicated upon the UBC's exercise of its constitutional discretion to dissolve the St. Louis Council and transfer the assets of the former St. Louis Council to the Plaintiff. Bond's Counterclaim is a desperate effort to reverse history by challenging the UBC's broad discretionary authority to merge regional

councils pursuant to the UBC's Constitution. Unfortunately for Bond, he has chosen the wrong forum in which to challenge the UBC's decision and the wrong defendant, as Plaintiff played no role in the UBC's decision to dissolve the St. Louis Council and has no authority to reverse the UBC's decision to dissolve the St. Louis Council and transfer its assets to Plaintiff. Nor has Bond pled any facts alleging that Plaintiff played any role other than accepting the assets and liabilities of the former St. Louis Council at the direction of the UBC. As discussed more fully below, each count of Bond's Counterclaim fails to state a claim upon which relief can be granted and, therefore, must be dismissed.

### 1. Bond Failed to Exhaust Internal Union Remedies

Defendant Bond concedes that the UBC and its affiliated councils and local unions are governed by the UBC Constitution and that, as a superior body, the UBC created the St. Louis Council and established its geographic boundaries. (Bond Answer, ¶¶ 8, 11). Even his response to Paragraph 14 of the complaint appears to admit that the UBC dissolved the former St. Louis Council on September 27, 2021, but alleges further that the UBC somehow acted in bad faith and violated various federal labor laws.

Yet, despite this acknowledgement by Bond, Count I of his Counterclaim requests this Court to order Plaintiff to reinstate the St. Louis Council, and its officers and, among other things, return the assets of the former St. Louis Council. The UBC Constitution provides a forum in which to challenge the decision made by the UBC General President and Defendant Bond has failed to utilize the internal dispute resolution mechanisms set forth in the UBC Constitution.

The UBC Constitution states the following:

> "The United Brotherhood is empowered, upon agreement of the Local Unions and Councils directly affected, or in the discretion of the General President *subject to appeal to the General Executive Board*, where the General President finds that in the best interest of the United Brotherhood
4

and its members, local or at large, to establish or dissolve any Local Union or Council, to merge or consolidate any local unions or Councils…" [Emphasis added]

(Exhibit A, UBC Constitution Section 6A, p. 4)

Bond's request for declaratory and injunctive relief seeking to reverse the UBC's dissolution of the St. Louis Council are virtually identical to those made by union member Jonathan Gould in an ongoing case in the Eastern District of Missouri. See *Gould v. United Brotherhood of Carpenters & Joiners*, No. 4:21-CV-1187 RLW, 2022 U.S. Dist. LEXIS 77312 (E.D. Mo. Apr. 28, 2022). In that case, Gould sought an injunction to prevent or stay the merger of the St. Louis Council. On April 28, 2022 the court denied Gould's motion for a preliminary injunction, in part recognizing the UBC's argument that Gould failed to exhaust internal union remedies as required by both the Labor Management Relations Act, 29 U.S.C. § 185, and the Labor Management Reporting Disclosure Act, 29 U.S.C. § 411. *Gould*, 2022 U.S. Dist. LEXIS 77312, at *25 n.6 (See also, *McPhetridge v. IBEW, Loc. Union No. 53*, 578 F.3d 886, 889 (8th Cir. 2009)(requiring exhausting under the LMRDA)).

Defendant Bond had an obligation to exhaust internal remedies to contest the UBC President's decision and he failed to take action. As a result, Bond should be precluded from expending the time and resources of this Court and the resources of the members of the Mid-America Council to defend his unfounded counterclaims.

**2. Plaintiff Lacks the Authority to Provide the Relief Sought by Bond**

Even if there were no internal union mechanism through which Bond could contest the UBC's decision to dissolve the St. Louis Council, Counts I, III, IV and V of Bond's Counterclaim must be dismissed because the Plaintiff clearly lacks any authority to reinstate the St. Louis Council and restore its assets.

Defendant Bond is a long-standing member of the Carpenters Union for over several decades. Bond has held numerous positions in the Carpenters Union, and was the principal officer of the St. Louis Council. He is well-versed in the terms of the UBC Constitution and well aware that it is the UBC, not the subordinate Mid-America Council, which has the exclusive authority to establish and dissolve affiliated local unions and councils.

The UBC Constitution holds that:

> When action is taken pursuant to this Section to establish or dissolve any local union or council, to merge of consolidate local unions or councils or to establish or alter the trade or geographic jurisdiction of any local union or council, the General President shall have the authority to transfer members from any local union to any other local union.

(Exhibit A, UBC Constitution Section 6A, p.5)

Further:

> The United Brotherhood of Carpenters and Joiners of America shall have the right to establish trusteeship over and to conduct the affairs of any subordinate body (including the removal of any or all officers of such subordinate body) to correct financial irregularities or to assure the performance of collective bargaining agreements and the responsibility of the subordinate body as a bargaining agent to support the interests and rights of the members or whenever the affairs of the subordinate body are conducted in such a manner as to be detrimental to the welfare of the members and to the best interest of the United Brotherhood.

(Exhibit A, UBC Constitution Section D, pp. 5-6)

The UBC Constitution does not afford Plaintiff any authority to provide the relief requested in Counts I, III, IV and V of Bond's Counterclaim, which includes reinstating the former St. Louis Council and its officers and restoring the assets of the former St. Louis Council. Pursuant to the UBC Constitution, the only entity that can effectuate the relief requested by Bond is the UBC.

The scattershot claims made by Bond in his counterclaim are virtually identical to those made by Gould. The *Gould* Court has recognized the numerous decisions around the country upholding the UBC's decisions to merge and consolidate affiliated subordinate bodies. "Specially,

a number of courts have addressed mergers and dissolutions within the UBC and found that Section 6-A of the Constitution of the UBC and Rules for Subordinate Bodies under its Jurisdiction ("UBC Constitution") grants the General President broad discretion to restructure, merge, or dissolve subordinate bodies, such as region councils and locals. None found the decision to merge a regional council violates § 301 of LMRA or any provision of the LMRDA." *Gould*, 2022 U.S. Dist. LEXIS 77312, at *25. (See, e.g., *United Bhd. Of Carpenters & Joiners of Am., Dresden Loc. No. 267 v. United Bhd. Of Carpenters & Joiners of Am., S. Cent. Ohio Dist. Council*, 992 F.2d 1418, 1421 (6th Cir. 1993) (finding UBC's decision to dissolve and merge district councils did not violate § 301 of the LMRA or the LMRDA; the court affirmed judgment against the local); *Loc. 1052 of United Bhd. Of Carpenters & Joiners of Am. V. Los Angeles Cnty. Dist. Council of Carpenters*, 944 F.2d 610, 612 (9th Cir. 1991) (same); *Loc. No. 48, United Bhd. Of Carpenters & Joiners of Am. V. United Bhd. Of Carpenters & Joiners of Am.*, 920 F.2d 1047, 1051 (1st Cir. 1990) (finding decision to merge locals did not violate § 301 of the LMRA or the LMRDA); *Cloke v. United Bhd. Of Carpenters & Joiners of Am.*, No. 1:11-CV-677, 2013 WL 594462, at *1 (S.D. Ohio Feb. 15, 2013), report and recommendation adopted sub nom. *Cloke v. Yeggy*, No. 1:11-CV-677, 2013 WL 1281631 (S.D. Ohio Mar. 27, 2013), aff'd (Jan. 13, 2014) (finding union member failed to state a claim under the LMRA or the LMRDA against the UBC and union officials based on the decision to merge regional councils and locals); *Loc. Unions 20, 135, 257, 296, 531, 740, 902, 1456 of United Bhd. Of Carpenters & Joiners of Am. V. United Bhd. Of Carpenters & Joiners of Am.*, No. 97 CIV. 5538 (CSH), 1997 WL 630179, at *1 (S.D.N.Y. Oct. 9, 1997), aff'd sub nom. *Loc. Unions 20, 135, 257, 740, 902 & 1456 of United Bhd. Of Carpenters & Joiners of Am. V. United Bhd. Of Carpenters & Joiners of Am.*, 131 F.3d 131 (2d Cir. 1997)

(denying locals' motion for a preliminary injunction to prevent implementation of UBC's restructuring plan). *Id*. at *25-26.

Like the UBC's September 27, 2021 decision to dissolve the St. Louis Council, those cases cited by the *Gould* Court were based upon the broad terms contained in the UBC Constitution and wide discretion afforded the UBC to restructure is subordinate bodies. The *Gould* Court stated that it, "… agrees with other courts which have found that the General President has broad discretion under Section 6-A of the UBC constitution to merge regional councils and locals". *Id*. at *27. In its denial of Gould's motion to enjoin the merger, the U.S. District Court for the Eastern District of Missouri has already determined that Gould is unlikely to succeed on the merits because the UBC President had authority under the UBC Constitution to dissolve the St. Louis Council and assign its geographic jurisdiction to the Mid-America Council. Furthermore, the Plaintiff is without authority to provide the relief requested in Bond's counterclaim.

**3. Bond has failed Sufficiently Allege a Claim for Fraudulent Misrepresentation.**

Count IV of Bond's Counterclaim alleges that the Plaintiff misrepresented to union members "the correct totality of facts behind the St. Louis Council dissolution" and that the "officers of the St. Louis Council ceased to exist" and that Plaintiff knew or should have known that, "the claim that St. Louis Council was dissolved and St. Louis Council ceased to exist was improper." (Counterclaim, ¶¶ 33, 34).

Under Missouri law, the elements of fraudulent misrepresentation are: 1) a representation; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of the falsity or his ignorance of the truth; 5) the speaker's intent that his representation should be acted upon by the hearer and in the manner reasonably contemplated; 6) the hearer's ignorance of the falsity of the representation; 7) the hearer's reliance on the truth of the representation; and 8) the hearer's consequent and

proximately caused injury. *Renaissance Leasing, LLC v. Vermeer Manufacturing Co.*, 322 S.W.3d. 112, 131-32 (Mo. 2010).

Bond claims that the Plaintiff, "in conjunction with the UBC, fraudulently has misrepresented to union members of St. louis that the officers of St. Louis Council ceased to exist". (Count IV, ¶ 33). This is wholly inconsistent with Bond's answer to Paragraph 14 of the Plaintiff's Complaint in which Bond seemingly admits that the UBC dissolved the St. Louis Council on September 27, 2021, but claims that the UBC's actions were in violation of its fiduciary duties and various federal statutes.

There is no question that on September 27, 2021 the UBC dissolved the St. Louis Council and the officers of the St. Louis Council lost their positions. The unambiguous language contained in the UBC Constitution supports the actions of the UBC and its General President in not only dissolving the St. Louis Council but in assigning the assets, liabilities and jurisdiction to the Mid-America Council.

The Federal Rules of Civil Procedure provide that "in all averments of fraud or mistake, the circumstance constituting fraud or mistake shall be stated with particularity. " F.R.C.P. 9(b). The Eighth Circuit has recognized that "in order to state a claim for fraudulent misrepresentation, a plaintiff must allege such matters as time , places and contents of false representations, as well as the identity of the person making the representation and what was obtained or given up thereby". *Drobeck v. Anderson Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) ("In other words, the petition must plead the who, what, where, when, and how of the alleged fraud").

Not only are Defendant Bond's allegations of fraudulent misrepresentation inconsistent with his answer to the complaint, and the facts as they exist in reality, they fall far short of the requirements necessary to sustain such an action. Bond fails to identify the person making the

statements, the statements which were actually made, when the statements were made, the locations where the statements were allegedly made, and those persons present when the statements were allegedly made. As a result, Count VI of Bond's counterclaim must be dismissed.

### 4. Bond Received the Proceeds from his IRS Section 457 Plan

While employed by the St. Louis Council, Bond maintained a Section 457 Deferred Compensation Plan ("Plan"). In Count II of his counterclaim entitled "Quantum Meruit" Bond alleges that the Plaintiff, "unlawfully took control of the assets" of the Plan. Contrary to Bond's allegation, the proceeds of the 457 Plan have been distributed to Defendant Bond and no further amounts are owed. Accordingly, Bond should voluntarily dismiss Count II of his counterclaim as no dispute currently exists between the parties.

WHEREFORE, Plaintiff respectfully requests that this court dismiss Defendant's Counterclaim.

Respectfully submitted,

By: /s/ Terrance B. McGann
    One of the attorneys for the Plaintiff

**MCGANN, KETTERMAN & RIOUX**
Terrance B. McGann
Karen M. Rioux
111 E. Wacker Dr., Suite 2300
Chicago, IL 60601
Telephone: (312) 251-9700
Facsimile: (312) 251-9701
tmcgann@mkrlaborlaw.com
krioux@mkrlaborlaw.com


**DOWD BENNETT LLP**
James G. Martin, #33586MO
7733 Forsyth Blvd., Suite 1900
St. Louis, MO 63105
Telephone: (314) 889-7300
Facsimile: (314) 863-2111
jmartin@dowdbennett.com

## CERTIFICATE OF SERVICE

The undersigned, Terrance B. McGann, an attorney, hereby certifies that he caused the foregoing Plaintiff's Motion to Dismiss and Memorandum in Support to Dismiss to be served upon all attorneys of record via the Court's CM/ECF system on May 24, 2022.

/s/ Terrance B. McGann