UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MID-AMERICA CARPENTERS REGIONAL COUNCIL, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) No. 4:22-cv-00291 |
| ALBERT BOND, INTERRAIL OUTDOOR, LLC, AND FOXPOINT INTERACTIVE, LLC, | ) ) ) ) |
| Defendants. | ) |

**PROPOSED SCHEDULING ORDER AND DISCOVERY PLAN**

Plaintiff, Mid-America Carpenters Regional Council ("Plaintiff"), and Defendants, Albert Bond, Interrail Outdoor, LLC, and Foxpoint Interactive, hereby submit the following Joint Proposed Scheduling Plan pursuant to the Court's Order dated June 14, 2022 (Doc. No. 40).

**A.     Appropriateness of Track Assignment**

The Track 2 assignment is appropriate.  Consistent with the pending status of motions regarding initial pleadings, scheduling dates have been projected accordingly by the parties.

**B.     Dates for Joinder of Additional parties or Amendment of Pleadings**

The parties propose that any motions to join additional parties or amend the pleadings be filed on or before January 31, 2023.

**C.     Discovery Plan**

**(i)     Electronically Stored Information (ESI) Subjects of Discovery**

The parties do not anticipate any issues related to electronically stored information and agree to negotiate and attempt to stipulate that all electronically stored information shall be produced in a reasonably useable form.  If the parties are unable to resolve any disagreements

regarding electronically stored information, the parties will submit such disagreements to the Court for resolution.

**(ii)     Privilege or Protective Order**

The parties do not anticipate disputes about production of privilege communications or documents protected from disclosure by the work-product doctrine. The parties agree that they intend to endeavor to assert claims of privilege or work-product protection before production of a document through discovery. If a party discovers a document that was intended to be claimed as privileged or protected due to the work-product doctrine was produced, the party shall immediately notify the other parties of the situation. The parties agree to return all copies of the subject document to the producing party. If the claim of privilege or work-product is disputed, the objecting party(ies) will agree to return the subject.

As may be necessary, the parties agree that they will confer and endeavor to develop a joint protective order in this case to facilitate the exchange of purported confidential, private, trade secret, or personal information or records including those related to non-party businesses and to limit the use of any such information or records for this litigation.

**(iii)    Initial Disclosure Deadline**

The parties propose that they will disclose information and exchange documents pursuant to Fed R. Civ. P. 26(a)(1) by **September 8, 2022**.

**(iv)    Discovery Phases or Limitations**

The parties do not believe that discovery should be conducted in phases or limited to certain issues.

**(v)     Expert Witness Disclosures**

Expert witnesses shall be disclosed and reports provided pursuant to Fed. R. Civ. P.

2

26(a)(2) as follows:

    a. Plaintiff shall disclose all expert witnesses and shall provide the reports required by Fed. R. Civ. P. 26(a)(2) on or before **April 3, 2023**. Plaintiffs shall make expert witnesses available for deposition by **June 5, 2023**.

    b. Defendants shall disclose all expert witnesses and shall provide the reports required by Fed. R. Civ. P. 26(a)(2) on or before **May 1, 2023**. Defendants shall make expert witnesses available for deposition by **June 19, 2023**.

    c. Plaintiff shall disclose all rebuttal expert witnesses and shall provide the reports required by Fed. R. Civ. P. 26(a)(2) on or before **June 2, 2023**. Plaintiffs shall make expert witnesses available for deposition by **June 26, 2023**.

**(vi)   Deposition Limits**

The parties agree that the presumptive limits of ten (10) depositions per side as set forth in Fed. R. Civ. P. 30(a)(2)(A), and twenty-five (25) interrogatories per party as set forth in Fed. R. Civ. P. 33(a) should apply in this case.

**(vii)   Physical or Mental Examinations**

The parties do not anticipate requesting any physical or mental examinations of parties in this case.

**(viii)   Discovery Completion Date**

All discovery shall be completed by **September 11, 2023**.

**(ix)   Motion to Exclude Testimony**

Any motion to exclude testimony pursuant to *Daubert v. Merrell Dow Pharm., Inc.* 509 U.S. 579 (1993), shall be filed by **July 14, 2023**.

**D.      Position on Mediation**

The parties agree that this case may be suitable for referral to alternative dispute resolution once preliminary discovery has been completed.

**E.      Filing Deadline for Dispositive Motions**

Any motion to dismiss, motion for judgment on the pleadings, or motion for summary judgment shall be filed by October 31, 2023.

**F.      Earliest Date on Which Case Will be Ready for Trial**

The earliest date this case should be expected to be ready for trial is **December 11, 2023**.

**G.      Estimated Length of Trial**

The parties anticipate that the case can be tried to verdict in 4-5 days.


Respectfully Submitted,


| | |
|---|---|
| s/ Terrance B. McGann | s/ John H. Goffstein |
| One of the Attorneys for Plaintiff | Attorney for Defendant Bond |
| | |
| **MCGANN KETTERMAN & RIOUX** | **GOFFSTEIN LAW, LLC** |
| Terrance B. McGann | John H. Goffstein, #MO19143 |
| Karen M. Rioux | 225 S. Meramec Avenue, Suite 402 |
| 111 E. Wacker Dr., Suite 2300 | Clayton, Missouri 63105 |
| Chicago, IL 60601 | 314.932-1919 – Office |
| Telephone: (312) 251-9700 | 314.932.5048 – Facsimile |
| Facsimile: (312) 251-9701 | john@goffsteinlaw.com |
| tmcgann@mkrlaborlaw.com | |
| krioux@mkrlaborlaw.com | |

| | |
|---|---|
| s/ James G. Martin<br>One of the Attorneys for Plaintiff<br><br>**DOWD BENNETT LLP**<br>James G. Martin, #33586MO<br>7733 Forsyth Blvd., Suite 1900<br>St. Louis, MO 63105<br>Telephone: (314) 889-7300<br>Facsimile:  (314) 863-2111<br>jmartin@dowdbennett.com | s/ Laura A. Bentele<br>One of the Attorneys for Defendants<br>Interrail Outdoor, LLC and<br>Foxpoint Interactive, LLC<br><br>**ARMSTRONG TEASDALE LLP**<br>Laura A. Bentele #64727<br>Paul L. Brusati #67975<br>Evan Sullivan #73032<br>7700 Forsyth Blvd., Suite 1800<br>St. Louis, Missouri 63105<br>314.621.5070<br>314.621.5065 (facsimile)<br>lbentele@atllp.com<br>pbrusati@atllp.com<br>esullivan@atllp.com |