IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
OF MISSOURI

| MID-AMERICA CARPENTERS | ) | |
|---|---|---|
| REGIONAL COUNCIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:22-cv-00291 |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| ALBERT BOND, INTERRAIL | ) | |
| OUTDOOR, LLC, and FOXPOINT | ) | |
| INTERACTIVE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT COUNTERCLAIMANT BOND'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND COUNTERCLAIM UNDER FEDERAL RULE OF CIVIL PROCEDURE 15 AND FURTHER IN RESPONSE TO PLAINTIFF'S MOTTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 15, Counterclaimant Plaintiff Albert Bond (hereinafter "***Bond***"), through his undersigned attorney, respectfully moves to amend his Counterclaim against Mid-America Carpenters Regional Council (hereinafter "***MACRC***"). Attached as **Exhibit A** is Bond's Amended Counterclaim.

Federal Rule of Civil Procedure Rule 13 is specific to counterclaims. However, the abrogation of Rule 13(f) regarding counterclaims establishes Rule 15 as the sole rule governing the amendment of a pleading to add a counterclaim. *See Notes of Advisory Committee on 2009 Amendments to Federal Rule of Civil Procedure Rule.* Rule 15(a)(2) states that "[A] party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Rule 15(a) of the Federal Rules of Civil Procedure provides that the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Parties may obtain leave from the court to amend a pleading by filing a motion to amend. The court, at its discretion, may permit or deny a

party the opportunity to amend a pleading. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given." *Foman*, 371 U.S. at 182. These standards are satisfied easily here in this case at bar.

In this case, Bond wishes to file his Amended Counterclaim to cure deficiencies. Specifically, Bond wishes to (1) clarify the issues regarding the detailed materiality of the false statements, the time, place, and contents of false representation raised in the Motion to Dismiss as pertains to defamation which remain cognizable as a claim pursuant to the existing pled requirements of notice pleadings. (2) To address with specificity the raised issues as to the exhaustion of administrative remedies. (3) To address that the Plaintiff has the power to grant the relief requested. (4) To respond that the Deferred Compensation IRS proper payment remains an element of damages and is still at issue. Any contrary claim that 'summary judgment' is somehow appropriate on these issues and alleged defenses to the stated counter-claims is utterly without merit.

There is no undue prejudice to the opposing party by virtue of the allowance of the amendment. The allegations in the Amended Counterclaim are the same as the Counterclaims. Bond only seeks to cure even alleged deficiencies in the interests of judicial economy for the convenience of the Court by the filing of a First Amended Counterclaim. Thus far, the parties have filed an answer and corporate disclosures. A Rule 16 Conference has only been set on June 14 for August 25.

WHEREFORE Defendant Counterclaimant Bond respectfully requests that the Court grant his Motion for leave to file the attached Amended Counterclaim. Also attached is a proposed order.

Respectfully Submitted,

/s/John H. Goffstein
John H. Goffstein, #19413
225 South Meramec Avenue, Suite 402
Clayton, Missouri. 63105
(314) 932-1919 – Office
john@goffsteinlaw.com

Attorney for Defendant Albert Bond

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 1st day of July, 2022, this document was filed and served on all counsel of record using the Court's CM/ECF system.

/s/John H. Goffstein