IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MID-AMERICA CARPENTERS REGIONAL COUNCIL, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 4:22-cv-00291 |
| v. | ) ) | JURY TRIAL DEMANDED |
| ALBERT BOND, INTERRAIL OUTDOOR, LLC, and FOXPOINT INTERACTIVE, LLC, | ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT ALBERT BOND'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR LEAVE TO JOIN ADDITIONAL PARTIES AND TO FILE HIS SECOND AMENDED COUNTERCLAIM AND CROSSCLAIM UNDER FEDERAL RULES OF CIVIL PROCEDURE 13 AND 19

COMES NOW Defendant, Albert Bond (hereinafter "***Bond***"), by and through undersigned counsel, and for his Motion for Leave to Join an Additional Party and File its Counterclaim and Crossclaim Pursuant to Federal Rules of Civil Procedure 13 and 19, respectfully states the following:

## BACKGROUND

The above-captioned case was filed on March 10, 2022. On May 21, 2021, Defendant Bond's counsel, filed his Answer to the Complaint and Affirmative Defenses and Counterclaims against Mid-American Carpenters Regional Council (hereinafter "***MACRC***"). The court entered a scheduling order on this matter on or about August 25, 2022, mandating the filing of motions to add parties and amendments to pleadings. Plaintiff's counsel advised the Court that it was in the interest of justice that this motion for intervention be filed as early in the proceedings as reasonably

possible. Bond files this Motion seeking leave of Court to timely add necessary parties and file an amended counterclaims and crossclaims.

# ARGUMENT

**I. BOND'S MOTION TO ADD PARTIES AND FILE HIS COUNTERCLAIMS AND CROSSCLAIMS SHOULD BE GRANTED TO ALLOW BOND TO ASSERT HIS RIGHTS RELATING TO THE ALLEGATIONS AT ISSUE IN THIS CASE AND THE ACTIONS OF THE PARTIES RELATING THERETO.**

Federal Rule of Civil Procedure 19(a) states the circumstances under which a third party must be joined to a lawsuit. Rule 19(a)(1) states that:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (I) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Federal Rule of Civil Procedure 19(a).

In the instant case, Plaintiff's allegations regarding Bond relate to the improper and illegal dissolution of the St. Louis Chapter of the Carpenter's Union to its unlawful benefit \ in the nature of an unincorporated theft and worse . Bond filed a cross-claim regarding the allegations. Plaintiff responded, alleging that it could not grant the relief required in that it acted under the direction of its President, Douglas McCarron and the United Brotherhood of Carpenters and Joiners of America (hereinafter sometimes referred to as the UBC). Plaintiff additionally alleged that there was a failure to exhaust administrative remedies. After Bond responded to the alleged failure to exhaust administrative remedies and pointed out the futility of doing so, the UBC thru its General Secretary-Treasurer wrote Bond and informed him of a hearing to occur on September 9, 2022, that he and/or his counsel could attend. Bond's counsel attempted to attend on his behalf and was

abruptly and immediately informed by the UBC representative present that he could not do so and that he must immediately leave the premises where the Hearing was to take place. This constituted a blatant violation of Bond's due process and other substantive rights and irreparably tainted the legitimacy of the highly partial Union internal proceeding and specific instructions as well. In any event, this shows the necessity and requirement of these two parties to now be entered into this matter to defend themselves from their alleged legion of their own rules. This now shows the necessity and requirement under Rule 19 (a) (1) (A) that these two Parties be entered onto this case at bar. Bond's allegations are set forth in Bond's Amended Counterclaim and Crossclaim, which is attached hereto as Exhibit A and hereby incorporated by reference as if fully set forth herein. Upon information and belief, the representations made by Plaintiff, Douglas McCarron, and the UBC were for the sole purpose of addressing the issues in Bond's Counterclaims and the futility of administrative remedies, which relates to the allegations Plaintiff brought in its Complaint. Douglas McCarron, and the UBC must be named in this action in order for the Court to accord complete relief among the existing parties as well as to give Douglas McCarron, and the UBC an opportunity to protect their interests, and to prevent Bond from having to re-litigate this matter, arising from the same set of facts, in a separate action against Douglas McCarron, and the UBC in the interest of judicial economy ant the hardship of causing Bond to incur double or multiple obligations relating to costs, expenses, and fees.

    Additionally, Federal Rule of Civil Procedure 13 states:

> A pleading must state as a counterclaim any claim that—at the time of its service— the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Federal Rule of Civil Procedure 13 (See also 4 MOOORE'S FEDERAL PRACTICE section 19.03[2] (Matthew Bender 3d ed.) 2010 Part 1

Bond brings its compulsory counterclaim for the sole purpose of asserting its legal rights against Plaintiff, which arise out of or relate to the transaction or occurrence that is the subject matter of the above-captioned action. Bond brings its counterclaims in good faith and not for the purpose of harassment or delay. In the event that Bond is unable to bring its counterclaim and crossclaim, Bond would be prejudiced and deprived of its substantive rights and its ability to assert its lawful claims against Plaintiff. For those reasons, Bond requests that the Court allow the filing of Defendant's Counterclaim and Crossclaim and to add United Brotherhood of Carpenters and Joiners of America and Douglas J. McCarron as parties to the above-captioned case.

## CONCLUSION

For the foregoing reasons, Defendant Albert Bond requests that the Court grant His Motion for Leave to Join Additional Parties and to File his Amended Counterclaims and Crossclaims Under Federal Rules of Civil Procedure 19.

Respectfully submitted,

GOFFSTEIN LAW, LLC


/s/John H. Goffstein
John H. Goffstein, #MO19143
225 S. Meramec Avenue, Suite 402
Clayton, Missouri  63105
(314) 932-1919 – Office
(314) 932-5048 - Facsimile
john@goffsteinlaw.com

Attorney for Defendant Bond

## CERTIFICATE OF SERVICE

On this   30th   day of September  , 2022, the undersigned hereby certifies that a copy of the foregoing was electronically filed with the Courts ECF system which will also email said document to all attorneys of record.

/s/John H. Goffstein