UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MID-AMERICA CARPENTERS REGIONAL COUNCIL, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:22-cv-00291-SEP |
| ALBERT BOND, INTERRAIL OUTDOOR, LLC, AND FOXPOINT INTERACTIVE, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

## MOTION TO STAY DISCOVERY AND MEMORANDUM IN SUPPORT

Defendants Interrail Outdoor, LLC and Foxpoint Interactive, LLC request that the Court stay discovery as it relates to Interrail and Foxpoint until the Court rules on Interrail and Foxpoint's pending motion to dismiss (Doc. 29). The four factors this Court considers in determining whether to stay discovery weigh in favor of granting a stay.

First, for the reasons set out in their motion to dismiss and reply in support (Doc. 32), Interrail and Foxpoint have demonstrated more than a mere possibility of success on their motion. Interrail and Foxpoint have presented colorable arguments supporting dismissal of the declaratory judgment and unjust enrichment counts against them as the crux of these claims concerns an internal dispute between the Plaintiff Mid-America Carpenters Regional Council ("Union") and the Union's former Executive Secretary-Treasurer of the Union, Defendant Albert Bond ("Bond"). The claims asserted by the Union against Interrail or Foxpoint are fundamentally based on the actions of a third party and do not entitle the Union to relief against Interrail and Foxpoint.

Second, Interrail and Foxpoint will suffer hardship if discovery is not stayed. The Union served written discovery requests on Interrail on December 9, 2022. The Union's discovery is extensive and will require Interrail to spend substantial time and money gathering documents and information in response. If this Court finds the first factor is met (that the motion to dismiss is likely to succeed), Interrail and Foxpoint may be dismissed from this action entirely. Without a stay, Interrail and Foxpoint would incur significant costs responding to discovery on claims that may eventually be dismissed.

Third, the Union will not suffer prejudice if the matter is stayed because the Union has already made payments under the Agreements at issue, for which it seeks reimbursement from either Bond or Interrail. *See* Doc. 1, ¶¶ 31, 38. Thus, a stay of discovery will not increase the Union's financial hardship or otherwise prejudice the Union. A short stay of discovery while the Court rules on the motion will not result in any meaningful delay in the resolution of this action.

Finally, because the motion to dismiss could fully resolve the issues regarding two of the three defendants, staying discovery will conserve judicial resources. Without Interrail and Foxpoint involved, this action founded on LMRDA claims would appropriately focus on the internal dispute between the Union and Bond.

Each factor favors a stay. The Court should grant this motion and stay discovery as to Interrail and Foxpoint until it rules on the motion to dismiss.

## BACKGROUND

### *The claims against Interrail and Foxpoint*

In its Complaint, the Union has alleged declaratory judgment claims against Interrail and Foxpoint and an unjust enrichment claim against only Interrail. Doc. 1, ¶¶ 32-38, 50-53. In its claims against Interrail and Foxpoint, the Union relies exclusively on its allegations that Bond breached duties he owed the Union under section 501(a) of the Labor Management Reporting

and Disclosure Act ("LMRDA") and under the Union's internal policies by entering into certain Agreements for the construction of three billboards with Interrail and Foxpoint. As to Interrail, the Union also alleges Interrail was unjustly enriched because Bond violated the LMRDA by executing the Agreements.

### *Interrail and Foxpoint's motion to dismiss*

On April 25, 2022, Interrail and Foxpoint moved to dismiss all claims against them with prejudice. (Doc. 29). The motion argues that the Union is unable to void valid contracts with third parties based on the claims made, particularly as the LMRDA does not sustain an independent cause of action against a third party for a Union officer's breach of duty. Further, the motion argues that because Interrail and Foxpoint are not affiliated in any way with the Union and had no knowledge of the Union's internal policies or procedures for entering contracts, this action is founded on an internal dispute between the Union and Bond.

### *The Union's written discovery to Interrail*

On December 9, 2022, the Union served Interrail with interrogatories and document requests. Copies of the discovery served are attached to this motion as Exhibit A (Interrogatories) and Exhibit B (Requests for Production). The written discovery is broad, seeking essentially every document and piece of information from Interrail concerning the Agreements. More than that, despite the Union's claim that the Agreements were unenforceable from the start, most of the requests seek information and documents regarding Interrail's performance under the Agreements. The requests also seeking information and documents concerning every agreement and contract Interrail entered with third parties for the purchase and installation of digital signs for the last ten years in four states, well beyond those connected in any way to the subject Agreements. Ex. A, ¶ 13; Ex. B, ¶ 14.

Interrail's response to this discovery is due January 9, 2023.

## ARGUMENT

**I.      The standard for granting a stay of discovery.**

A party may obtain a stay of discovery during the pendency of a motion to dismiss, though the mere filing of a motion to dismiss, on its own, is not sufficient to support a stay. *See Dixon v. Edward D. Jones & Co., L.P.*, 2022 WL 4245423, at *2 (E.D. Mo. Sept. 15, 2022). "The issuance of a stay is an exercise of judicial discretion dependent upon the circumstances of the particular case." *Bryant v. Boyd*, 2020 WL 1493548, at *1 (E.D. Mo. Mar. 27, 2020) (internal quotation omitted).

In determining whether to stay discovery pending disposition of a motion to dismiss, the Court considers four factors: (1) whether the movant has shown a likelihood of success on the merits of the dispositive motion; (2) hardship or inequity to the moving party if the matter is not stayed; (3) prejudice to the non-moving party if the matter is stayed; and (4) the conservation of judicial resources. *See Dixon*, 2022 WL 4245423, at *2 (citing *Physicians Home Health Infusion, P.C. v. UnitedHealthcare of the Midwest, Inc*., 2019 WL 4644021, at *3 (E.D. Mo. Sept. 24, 2019)). The Court balances these factors in determining whether a stay is appropriate. *See Raimo v. Washington Univ. in St. Louis*, 2021 WL 243559, at *1 (E.D. Mo. Jan. 25, 2021).

**II.      Interrail and Foxpoint are likely to succeed on the merits.**

With respect to the first factor, "[i]n evaluating the likelihood of success on the merits Defendants must show 'more than a mere possibility of success' on their motion to dismiss, but they are not required to demonstrate that their motion to dismiss has a greater than fifty percent probability of succeeding." *Id*. (quoting *Physicians Home Health*, 2019 WL 4644021, at *3).

As set out in Interrail and Foxpoint's motion to dismiss, section 501(a) of the LMRDA concerns the fiduciary duties that officers and other representatives, like Bond, owe to the labor organization. Doc. 29, p. 5. The Union, in its response in opposition (Doc. 31) did not dispute

that the statute is silent as to any purported responsibilities or duties of third parties with no affiliation to the labor organization (like Interrail and Foxpoint). This silence underscores that the LMRDA does not support an independent cause of action against unaffiliated third parties. Doc. 29, p. 5.

The Union's claims against Interrail and Foxpoint are anchored on Bond's alleged violation of the LMRDA. However, nothing in section 501(a) permits a labor organization to void otherwise valid contracts because its officer breached fiduciary duties, especially when the breach of fiduciary duty theory against the officer is grounded in the officer's alleged violation of the union's *internal* policies and procedures. In opposing the motion to dismiss, the Union cited no case permitting such a cause of action to void third-party contracts for an officer's violation of internal union policies. *See* Doc. 31.

As the motion to dismiss argues, a declaratory judgment action is merely a remedy requiring a viable underlying cause of action providing the relief sought by the plaintiff. Doc. 29, p. 14. The Union has not articulated any such viable underlying cause of action.

Similarly, the unjust enrichment claim against Interrail fails. The Union's Complaint does not allege facts showing how Interrail would be unjustly enriched by retaining the benefits it received under its Agreement with the Union. Doc. 29, p. 12. There is no allegation that Interrail knew or should have known Bond did not have authority from the Union to execute the Agreement, no allegation that Interrail was the first to breach the Agreement, and no allegation that the Union has not or will not receive the benefits of the Agreement. Doc. 29, pp. 12-13.

Here, Interrail and Foxpoint have presented colorable arguments for dismissal that establish more than a mere possibility that their motion to dismiss will be successful. The first factor favors granting a stay.

**III.     Hardship to Interrail and Foxpoint if a stay is not granted.**

As mentioned, the Union has served written discovery on Interrail on December 9, 2022, requesting essentially every piece of information and every document related to the Agreements. Despite the Union's claim that the Agreements were unenforceable from the start, most of the requests seek information and documents regarding Interrail's performance under the Agreements. The discovery also seeks every contract between Interrail and entities other than the Union for the purchase and installation of digital signs in four states within the last ten years. In other words, the Union is seeking contracts associated with the full scope of Interrail's operations over the course of a decade.

Gathering these documents and responding to this discovery will require Interrail to incur substantial costs and legal fees. While Foxpoint has not yet been served with discovery, it believes written discovery is forthcoming, as written discovery has been served on all other defendants.

Even if the Court finds that the current discovery requests do not weigh heavily in favor of granting a stay, hardship to the moving party is just one of several factors the Court balances in deciding whether to stay this action. *Raimo*, 2021 WL 243559, at *1 ("The balance of those factors favors granting a stay of discovery in this case."). Proceeding with discovery during the pendency of the motion to dismiss would nevertheless pose hardship to Interrail and Foxpoint here. *See Dixon*, 2022 WL 4245423, at *4.

**IV.     The Union will not suffer prejudice if a stay is granted.**

In contrast, the Union will not be prejudiced by a short discovery delay. The Union has already served discovery on Bond and is likely to receive responses shortly. The Union's claims against Interrail and Foxpoint are premised entirely on Bond's actions. The Union can continue

to conduct discovery with Bond without Interrail and Foxpoint's involvement.

Additionally, the Court in *Raimo* addressed a situation where the non-moving party—a class consisting of students—sought refunds of money that had already been paid, much like the Union in this case. In holding that the risk of prejudice to the students was low if a discovery stay was granted, the Court in *Raimo* rejected the students' argument that a prompt resolution of the case was necessary given the hardship faced by the students. 2021 WL 243559, at *1. The Court held that, through the action, the students sought refunds of money already paid and, as a result, "a stay of discovery will not increase their financial hardship, even if they prevail." *Id*.

Additionally, the Court in *Raimo* also rejected the students' argument that a delay increased the risk of losing evidence, including the inability of witnesses to recall specific facts. *Id*. The Court noted: "The risk of lost evidence or diminished witness recall is also relatively low in a case based on events that took place so recently." *Id*.

Like the students in *Raimo*, the Union will suffer no prejudice if this Court stays discovery. The Union seeks two things in its claims against Interrail and Foxpoint: (1) reimbursement of money already paid under the Agreements and (2) a declaration that the Agreements are unenforceable. As for reimbursement, a short stay will not cause the Union hardship for money already paid, as in *Raimo*. With respect to the unenforceability of the Agreements, the events giving rise to the Complaint took place over the last few years. The risk of losing evidence or witnesses' inability to remember certain facts is low. A short stay of discovery will not increase the Union's hardship.

## V.     A stay will conserve judicial resources.

"In determining whether a stay of discovery until the resolution of a pending dispositive motion would conserve judicial resources, a court examines the breadth of any pending

discovery and whether the pending dispositive motion has the potential to resolve the litigation."

*Dixon*, 2022 WL 4245423, at *4 (quoting *Physicians Home Health*, 2019 WL 4644021, at *6).

For example, in *Dixon*, the Court granted a stay, noting, "if Defendants' motion to dismiss is

granted, it could resolve the litigation in full."  *Id*. at *4.

Interrail and Foxpoint seek dismissal of all claims against them with prejudice.  If the

Court grants the motion, it will fully resolve the litigation as to Interrail and Foxpoint.

## **<u>CONCLUSION</u>**

All four factors weigh in favor of granting a stay of discovery pending the disposition of

Interrail and Foxpoint's motion to dismiss.  The Court should stay discovery as to Interrail and

Foxpoint.

ARMSTRONG TEASDALE LLP

By: */s/ Paul L. Brusati*
    Laura A. Bentele #64727
    Paul L. Brusati #67975
    Evan Sullivan #73032
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105
    314.621.5070
    314.621.5065 (facsimile)
    lbentele@atllp.com
    pbrusati@atllp.com
    esullivan@atllp.com

ATTORNEYS FOR INTERRAIL OUTDOOR, LLC
and FOXPOINT INTERACTIVE, LLC

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the December 19, 2022, a true and correct copy of the foregoing document was e-filed with the Court's electronic filing system, which emailed a copy of the foregoing document to all attorneys of record.

*/s/ Paul L. Brusati*