**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| MID-AMERICA CARPENTERS REGIONAL COUNCIL, <br><br> Plaintiff, <br><br> v. <br><br> ALBERT BOND, INTERRAIL OUTDOOR, LLC, and FOXPOINT INTERACTIVE, LLC, <br><br> Defendants. | Case No. 4:22-cv-00291 <br><br> Judge Sarah E. Pitlyk |

**PLAINTIFF'S INTERROGATORIES TO DEFENDANT INTERRAIL OUTDOOR, LLC.**

Plaintiffs, Mid-America Carpenters Regional Council, by their attorneys, Terrance B. McGann, Karen M. Rioux and Ashley Stead of McGann, Ketterman & Rioux, request that Defendant Interrail Outdoor, LLC, respond to the following Interrogatories within thirty (30) days:

**DEFINITIONS AND INSTRUCTIONS**

1. "You" and "your" refers to Defendant, Interrail Outdoor, LLC.

2. "St. Louis Council" refers to the St. Louis – Kansas City Carpenters Regional Council.

3. "Interrail" refers to Interrail Outdoor, LLC.

4. "Foxpoint" refers to Foxpoint Interactive, LLC.

5. "Digital Signs" refers to the electronic message boards or billboards purchased from Interrail.

6. "Agreement" refers to the Electronic Message Center Consulting Agreement entered into on January 20, 2020 between Interrail Outdoor, LLC and the St. Louis Kansas City carpenters regional Council.

7. The information sought in these Interrogatories shall include information within your knowledge, possession, control or access.

8. If you cannot answer any portion of any of the following Interrogatories in full, after exercising diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

9. If you claim privilege as to any communication as to which information is requested by these Interrogatories, or as to any answer requested by these Interrogatories, specify the privilege claimed, the communication and/or answer as to which that claim is made, the topic discussed in the communication, and the basis for your claim.

10. When in these Interrogatories you are asked to state the date on which some incident or event occurred, if the exact date is not known, provide its closest approximation. At a minimum, if the year is not known, identify the date by relating it to some established time (e.g., four months after Defendant's separation from Plaintiff).

11. Whenever appropriate in these Interrogatories, the singular form of a word shall be interpreted as plural and the masculine gender shall be deemed to include the feminine.

12. As used in these Interrogatories, the term "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any information which might otherwise be construed to be outside their scope.

13. As used in these Interrogatories, the term "person" includes, without limiting the generality of its meaning, every natural person, corporate entity, partnership, association, governmental body or agency.

14. As used in these Interrogatories, "relate to" shall mean consist of, refer to, reflect or be in any way logically or factually connected with the matter discussed.

15. "Document" or "Documents" means any written, recorded, filmed, or graphic matter, whether produced, reproduced or on paper, cards, tapes, film, electronic facsimile, email, computer storage devices, or any other media, including, but not limited to, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, notes, records and recordings of oral conversations, work papers, and also including, but not limited to, originals and all copies which are different in any way from the original whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise, and drafts which are in the possession, custody or control of Plaintiff(s) or in the possession, custody or control of the present or former agents, representatives, or attorneys of Plaintiff(s), or any and all persons acting on their behalf, including documents at any time in the possession, custody or control of such individuals or entities or known by the Plaintiff(s) to exist.

16. As used herein, "describe in detail" shall, in addition to the meanings set forth elsewhere in these Definitions, mean: (1) describe fully by references to the underlying facts rather

than referring to conclusions of fact or law; and (2) particularize as to: (a) times, (b) places, and (c) manner.

17. The term "identify" when used with reference to an individual person shall mean to state his or her: (1) full name (or, if not known, provide a sufficient description so that he or she will be identifiable to the recipients of your answers); (2) job title, position and business affiliation at the time of the events in question and at the present time, if different; (3) the person whom he or she was representing or acting for; (4) present (or last known, with indication of the date of that last knowledge) business address; and (5) present (or last known, with indication of the date of that last knowledge) residence address.

18. The term "identify" when used with reference to a document, shall mean to: (1) state the type of document (e.g., memorandum, employment application, letter, etc.); (2) set forth its date; (3) identify the author (and if different, the originator and signer); (4) set forth the title, heading or other designation of the document; (5) identify the persons (or if widely distributed, set forth the organization or classes of persons) to whom the document was sent; (6) set forth the present or last known location of the document and of each copy; and (7) if any such document was, but no longer is, in your possession or subject to your control, state the disposition which was made of it, the reason for such disposition, and the date thereof.

19. "Identify" or "describe in detail" when used with reference to an oral statement, conversation or conference, shall mean to: (1) identify the person making such statement, the person to whom each statement was made, and all other persons present at the time of each statement; (2) state the date of such statement, conversation or conference; (3) state the place where such statement, conversation or conference was held; or (4) if by telephone, identify the persons participating in the telephone call, the person making the call and state the places where the persons participating in the call were located; and (5) describe in detail the substance of each statement, conversation or conference.

20. The term "identify" or "describe in detail" when used with reference to an "act" or "omission" shall mean to: (1) state the date and place of the act of omission; (2) identify the person acting or omitting; (3) identify the person for whom the act or omission was performed; (4) identify the person against whom the act or omission was directed; (5) identify all witnesses to the act or omission; and (6) describe in detail the act or omission.

## **INTERROGATORIES**

1. Identify the person(s) and their job titles answering these Interrogatories and/or consulted in answering these Interrogatories, including all documents reviewed in preparing the answers to these Interrogatories.

**ANSWER:**

2. With respect to the Agreement with the St. Louis Regional Council, state the following:

    a. Persons responsible for negotiating the agreement;

    b. Persons with input into the decision to enter into the agreement;

    c. Dates when the parties met for the purpose of discussing the purchase of the digital signs, including the persons present and the location.

**ANSWER:**

3. Provide a comprehensive itemized list of expenses incurred by Interrail under the Agreement with the St. Louis Regional Council.

**ANSWER:**

4. Identify the Principal, Project Manager, Project Engineer, Designer, Drafts person and other assigned personnel under the Agreement with the St. Louis Regional Council and their standard hourly rates.

**ANSWER:**

5. Provide a list of all employees, agents, servants, vendors, suppliers, surveyors, engineers, contractors, professional service providers, attorneys, subcontractors an independent contractors engaged by Interrail under the Agreement with the St. Louis Regional Council including a description of the services provided.

**ANSWER:**

6. Provide a detailed chronology (dates) of your efforts to obtain permits and applicable authorizations from government agencies and authorities for each of the three (3) digital signs.

**ANSWER:**

7. Provide an itemized breakdown of the actual and anticipated costs for the installation of each digital sign.

**ANSWER:**

8. Identify and accountant and accounting firm engaged by the company since 2020.

**ANSWER:**

9. Identify all bank and savings institutions where the company maintained an account, including the account numbers and the persons authorized to withdraw funds from the accounts.

**ANSWER:**

10. Identify the person(s) responsible for preparing and submitting invoices to the St. Louis Regional Council.

**ANSWER:**

11. Identify the person(s) responsible for estimating and calculating the anticipated costs under the Agreement with the St. Louis Regional Council.

**ANSWER:**

12. Identify any officer, agent, employee who received compensation or anything of value as a direct result of the Agreement with the St. Louis Council including, but not limited to, increases, commissions and bonuses.

**ANSWER:**

13. With respect to other contracts for the purchase and installation of digital signs and/or Electronic Message Center Consulting Agreements in Missouri, Kansas, Illinois and Iowa within the last 10 years, state the following:

    a. Locations;

  b. Name of customer;

  c. Date of the agreement;

  d. Date of completion;

  e. Whether Foxpoint was party to the License and management Agreement.

**ANSWER:**


                 By: /s/ Terrance B. McGann
Dated: December 9, 2022       One of the attorneys for the Plaintiff


**MCGANN, KETTERMAN & RIOUX**
Terrance B. McGann
Karen M. Rioux
Ashley L. Stead
111 E. Wacker Dr., Suite 2300
Chicago, IL 60601
Telephone: (312) 251-9700
Facsimile: (312) 251-9701
tmcgann@mkrlaborlaw.com

## **CERTIFICATE OF SERVICE**

      The undersigned, Terrance B. McGann, an attorney, hereby certifies that he caused the foregoing PLAINTIFF'S FIRST SET OF INTERROGATORIES to be served upon Defendant, Interrail Outdoor, LLC, through his counsel of record via electronic mail at the following address on December 9, 2022.

                              /s/ Terrance B. McGann

Laura A. Bentele
Armstrong & Teasdale LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO  63105
lbentele@armstrongteasdale.com