IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MID-AMERICA CARPENTERS REGIONAL COUNCIL,<br><br>    Plaintiff,<br><br>v.<br><br>ALBERT BOND,<br>INTERRAIL OUTDOOR, LLC, and<br>FOXPOINT INTERACTIVE, LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 4:22-cv-00291<br>)<br>)  Judge Sarah E. Pitlyk<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S DOCUMENT REQUEST TO INTERRAIL OUTDOOR, LLC**

Plaintiff, Mid-America Carpenters Regional Council, ("Union"), requests that Defendant, Interrail Outdoor, LLC, produce the following documents within thirty days pursuant to Rule 34 of the Federal Rules of Civil Procedure ("FRCP 34"):

**DEFINITIONS AND INSTRUCTIONS**

1. This request is intended to apply to all documents in the possession of Defendant Interrail and its attorneys and those subject to their custody, control or direction, wherever located.

2. "St. Louis Council" refers to the St. Louis – Kansas City Carpenters Regional Council.

3. "Interrail" refers to Interrail Outdoor, LLC.

4. "Foxpoint" refers to Foxpoint Interactive, LLC.

5. "Digital Signs" refers to the electronic message boards or billboards purchased from Interrail.

6. "Document" shall mean any medium, record, or thing of any kind containing or bearing any information that can be obtained, including, without limiting the generality of the foregoing, any letters, invoices, receipts, vouchers, forms, records, reports, memoranda, messages, studies, books, publications, electronic mail, and data, deeds, leases, contracts, agreements, stenographic notes, meeting minutes, notes of telephone conversations, studies, calendars, annual reports, financial statements, computer printouts, auditor's reports, canceled checks, bank deposit or withdrawal slips, diaries, informal notes, charts, tables, graphs, and information or other material, whether typed or handwritten, printed or recorded, reproduced by hand, or stored on

1

electronic media storage devices including, but not limited to, hard drives, floppy disks, or compact disks; as well as tapes, films, photographs, and recordings. "Document" also includes both original and non-identical copies of documents, as well as preliminary drafts of documents. "Documents' further includes all copies of documents bearing any signature, notation, or other information not appearing on other copies of the document.

7. With respect to "hard copy documents" made available for inspection, copies of the same may be produced by delivering such copies to Plaintiffs' counsel with consecutively numbered Bates "style" designations upon each document. In the alternative, if the originals are produced for inspection as permitted by FRCP 34, then Plaintiffs' counsel will arrange for copies to be made by a copying service and Plaintiffs' counsel will cause the copies to be designated with consecutive Bates Numbered designations.

8. Pursuant to FRCP 34 all documents shall be produced shall be organized and labeled to correspond to the categories in this request. In the alternative, the documents may be produced as they are kept in the usual course of business.

9. Electronically stored information (ESI) shall be delivered in the form of a standard disc in either Compact Disc or DVD media. The ESI shall be labeled as to the type of data contained on such disc and the computer program and version thereof by which the data is accessed. If passwords are required to access the data, the passwords shall be disclosed.

10. The use of the singular form of any word includes the plural and vice versa.

11. In the event of any information or document called for by this document production request is to be withheld on the basis of a claim of privilege Defendant shall make the claim expressly and shall describe the withheld documents in a privilege log meeting the requirements of FRCP 26(5)(A).

12. If any information or document is withheld because such information or document is stored only electronically, it is to be identified by the subject matter of the information or document, the storage mode, and the place or places where such information or document is maintained.

13. Pursuant to Rule 26(e), this request shall be deemed to be continuing until, and during the course of trial. Information sought by this request and which is obtained by you after you respond to this request, must be disclosed to Plaintiffs by timely supplementary production

## DOCUMENTS REQUESTED

1. All agreements, contracts and understandings with the St. Louis Regional Council.

2. All proposals for an agreement, contract, and understandings with the St. Louis Regional Council.

3. All communications with representatives from the St. Louis Regional Council.

4. All communications between Albert Bond and James Neumann.

5. Agreements, contracts and understandings between Interrail and James Neumann.

6. All recordings, notes, and minutes of any meetings with representatives from the St. Louis Regional Council.

7. All receipts, invoices, and expenses related to the Agreement with the St. Louis Regional Council.

8. All agreements and contracts with vendors, companies, and third parties related to the Agreement with the St. Louis Regional Council.

9. All job cost records including, but not limited to, estimator's records, calculations, spreadsheets, projections, drafts, notes, charts, memos, analysis related to the Agreement with the St. Louis Regional Council.

10. All documents related to permits or authorization from any government agency to install the digital signs.

11. Internal communications regarding the Agreement with the St. Louis Regional Council.

12. Bank Statements, financial statements and income tax returns for 2020 through the present.

13. Documents which govern the operation of Interrail including, but not limited to, bylaws, rules, regulations, duties of members, agents and employees.

14. Agreements and contracts with entities other than the St. Louis Regional Council for the purchase and installation of digital signs in Illinois, Missouri, Iowa, and Kansas over the last 10 years.

Dated: December 9, 2022     By: /s/ Terrance B. McGann
                             One of the attorneys for the Plaintiff

**MCGANN, KETTERMAN & RIOUX**
Terrance B. McGann
Karen M. Rioux
Ashley L. Stead
111 E. Wacker Dr., Suite 2300
Chicago, IL 60601
Telephone: (312) 251-9700
Facsimile: (312) 251-9701
tmcgann@mkrlaborlaw.com

## CERTIFICATE OF SERVICE

The undersigned, Terrance B. McGann, an attorney, hereby certifies that he caused the foregoing PLAINTIFF'S DOCUMENT REQUEST TO DEFENDANT to be served upon Defendant, Interrail Outdoor, LLC, through his counsel of record via electronic mail at the following address on December 9, 2022.

/s/ Terrance B. McGann

Laura A. Bentele
Armstrong & Teasdale LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO  63105
lbentele@armstrongteasdale.com