IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MID-AMERICA CARPENTERS REGIONAL COUNCIL, | ) ) ) |
| Plaintiff, | ) ) ) Case No.4:22-cv-00291 |
| v. | ) ) JURY TRIAL DEMANDED |
| ALBERT BOND, INTERRAIL OUTDOOR, LLC, and FOXPOINT INTERACTIVE, LLC, | ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANT ALBERT BOND'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT DUE TO LACK OF SUBJECT MATTER JURISDICTION**

COMES NOW Defendant Albert Bond, by and through his counsel, and moves to dismiss the Complaint filed against him by Plaintiff Mid-America Carpenters Regional Council ("*Plaintiff*") based on Federal Rules of Civil Procedure Rule 12(b)(1) and in support of his motion states as follows:

1. Defendant Bond respectfully requests that this court take judicial notice of the file.

2. Rule 12(c) states that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." FRCP 12(c).

3. Further, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. "FRCP" 12(d).

4. This court lacks subject matter jurisdiction over these claims under LMRDA.

5. Furthermore, Plaintiff cannot bring this case against Bond as Bond was not an employee of Plaintiff.

6. Rule 12(h)(3) states that "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. FRCP 12(h)(3). *Arbaughs v. Y&H Corp, 546 U.S. 500, 506 (2006)*. If the plaintiff has not demonstrated that it has standing, the Court is required to dismiss the action under Article III of the US Constitution and this unseemly spectacle of a case must come to an end.

7. Under 29 U.S.C. 501(a), Plaintiff has no cause of action.

8. 29 U.S.C. Section 501(a) provides no statutory cause of action for a union, such as the plaintiff in this case, to be capable of maintaining a cause of action for a breach of fiduciary duty by or against a union official from another labor organization.

9. The allegations stated in Plaintiff's unverified Complaint, as well as the facts and supporting case law, do not meet the lone necessary jurisdictional prerequisite of the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA' 29 U.S.C.) 501(a) for this case to continue to exist before this Court.

10. Further, Defendant Bond brings this motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(1), which provides a defense for "lack of jurisdiction over the subject matter."

11. A motion to dismiss filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure "allows a party to challenge subject matter jurisdiction of the district court to hear a case." *Ramming vs. United States,* 281 F.3d 1158, 161 (5th Cir. 2001) (the court dismissed the case due to the failure to exhaust administrative remedies). The St. Louis – Kansas City Carpenters Regional Council Bylaws (July 9, 2019) provide; The Executive Secretary-Treasurer is specifically authorized to expend, in accordance with the procedures of these Bylaws, funds for any or all the purposes and objects of the Council. (See page 4, paragraph 4.)

12. The court may decide such a motion on any one of three bases: (1) the Complaint alone; (2) the Complaint and the undisputed facts in the record; or (3) the undisputed facts in the court's own resolution of the disputed facts. *Id.*

13. "Under Rule 12(b)(1) a party may assert the following defenses … (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; and (3) failure to state a claim upon which relief can be granted.

14. Under 12(d), if matters are brought outside of the pleadings under 12(b)(6) or 12(c), matters outside of the pleading when presented are permissible when not excluded.

15. Under Rule 12(g), joining motions, the right to join a motion under this Rule may be joined with any other motion by this Rule.

16. As such, Defendant Bond joins in Defendant Foxpoint and the Interrail motion to dismiss subject to 12(b)(6).

17. FRCP 12(h) states that the "lack of subject-matter jurisdiction is also ripe for decision in this case, and it is black letter law that the plaintiff has the burden of establishing and proving up federal jurisdiction in order to maintain its action without dismissal."

18. This case is like that of *Plaintiffs v. Evelyn Shapiro, Case Number 2;22-cv-01099-(JHC).* A courtesy copy of the order in that case was previously filed as Doc. 70-3.

19. In the *Evelyn Shapiro* case, the facts that includes both an individual defendant EST of her union and the United Brotherhood of Carpenters and Joiners of America, an unincorporated association, hereinafter (UBC) and its Pacific Northwest Regional Council of Carpenters, an unincorporated association, a decision was rendered on February 22, 2023, that dismissed the case against the individual defendant under 501(a) of the LMRDA because section 501 does not expressly provide *unions* a right of action under the LMRA. (emphasis not supplied)

3

20. In that case, without the filing of a 12(b) motion, the court construed the motion nonetheless as being brought under the Federal Civil Procedure Rule 12(b)(6). See also *D.B. vs. Maxwell*, 2005 WL 8179716 at note 1 (E.D. Ca (Feb. 9, 2005) cited by the Washington federal District Court in the Shapiro case.

21. The Court expressly stated, "Although Defendant's motion to dismiss does not specify the legal basis pursuant to which it has brought a review of the allegations made therein, indicates that it is only consistent with Rule 12(b)(6)."

22. The only plaintiff in this case is the Mid-America Carpenters Regional Council, a labor organization under 29 U.S.C. Section 402(i).

23. Defendant Bond is a former council officer, but never for this Plaintiff.

24. That is an essential critical distinguishing uncontested fact for all legal purposes in this case.

25. Defendant Bond was never an employee of the UBC or the Plaintiff Chicago union before or after it became a Regional Council.

26. Further, Defendant Bond was never a member of the Plaintiff union in this case.

27. No such allegation exists in the unverified Complaint in this case, as it is not something anyone can ever prove.

28. The clear point is that Defendant Bond is miles away from any jurisdictional nexus of federal jurisdiction over the person or the subject matter and even further than EST Shapiro for 501(a) jurisdictional purposes.

29. Section 501(a) specifies the duties of union officers owed to their labor organization.

30. Courts have ruled that Section 501 does not expressly provide unions a right of action under the LRMDA 29 U.S.C. 501(a) even if the defendant left the union to work for a rival union, see *Phillips Osborne*, 403 F.2d 826, 832 (9th Cir. 1968).

31. The conduct alleged in this case is not within the intended scope of section 501(a).

32. Defendant Bond, other than this unverified Complaint, has not been charged with misappropriating or misusing union funds.

33. This sole jurisdictional allegation under Section 501(a) for legal damages is not a matter for governmental oversight and no section of the law has jurisdictional application to this Complaint.

34. Had a trusteeship been established, there would have been not only been a proper exhaustion of administrative remedies and a hearing, under Section 3(h) of the LRMDA (1)(2), with complete due process under at least the St. Louis Council's Bylaws but a sound fiduciary obligation under law would have taken place. The control of the St. Louis assets accumulated for tens of decades and more would have moreover remained under local control and not that of either imposed upon Chicago or Las Vegas political and other interests.

35. This alleged fact situation largely centers around a training and apprenticeship investment for the union's benefit, a term permitted by the union constitutions and expressly designed according to the contracts at issue and admitted in the Complaint and in reality, are to pay expenses back to involved union entities with significant profits for over thirty years for far more than the original investment. These monies created a value directly related to the overall expenditures for the benefit of the trade, the union, the work force and its apprenticeship fund, its contractors, their management association, and the community at large.

36. The Foxpoint and Interrail contracts are not just some signs contracts, all the construction work pertaining thereto was to be performed with St. Louis Council Carpenters union members and labor for the benefit of securing training competence in the workforce which is listed St. Louis Council Bylaws and the UBC Constitution and as the number one goal for their very existence. (See Exhibits 1 and 2 attached hereto).

37. The contract was for the common good for the efficiency of the member's training skills as requested and rightfully demanded by union contractors for jurisdictional advantages in the workplace.

38. It is not for the Courts to mediate such disputes. *Gurton v. Arons*, 339 F2d 371, 375 (2d Cir.1964); see also *Head v. Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, Express and Station Employees (BRAC)*, 512f2d 398 (1975); and *Coleman v. Freight Handlers, Express, and Station Employees*, 340 F.2d206,209 (1965) (where the court held that Section 501 "applies to fiduciary responsibility with respect to the money and property of the union and that it is not a catch-all provision under which union officials can be sued on any ground of misconduct with which the plaintiffs choose to charge them.")

39. In the case at bar, Defendant Bond was never even a member of the Plaintiff union or its governing board or that of the UBC.

40. The *Phillips* case cautions that statutes "extending federal jurisdiction such as Section 501 are required to be narrowly construed so as to not reach beyond the limit intended by congress" *Id*. at 828.

41. In the decision rendered in the *Shapiro* case, the court reviewed the legislative committee records showing that congress intended section 501 to be narrowly construed:

> The committee recognized the desirability of minimum interference by government in the internal affairs of any organization. Trade unions have made a commendable

6

>effort of internal abuses; hence the committee believes that only essential standards should be imposed by legislation. Moreover, in establishing and enforcing statutory standards, great care should be taken not to undermine union, self-government, or weaken unions in their role of collective bargaining agents: It has been recognized that Section 501(a), imposing fiduciary duties upon union officers, potentially invites undue government interference. Hence when dealing with this section, the courts have been especially careful to define their role to areas which are clearly within the intended reach of the act.

*Id.* At 831- (emphasis supplied).

42. The UBC skipped internal review before it dissolved the St. Louis Council and sent its considerable assets to Chicago. Further, the UBC never even provided EST Bond an interview as to any of the allegations alleged in this case nor was EST Bond provided with a hearing before his peers as expressly provided by the St. Louis Council Bylaws approved by the UBC and the UBC never sued him or held him financially responsible for any liability under the Interrail or Fixpoint contract.

43. The *Traweek and McFadden* cases were predicated on violations of 501.

44. Both of those cases were dismissed because the union could not initiate a suit as the sole party plaintiff, and therefore the District Court lacked subject-matter jurisdiction to consider their claim. *Traweek,* 867 F.2d 500, 506-507 (9th Cir. 1989); *See also Service Employees Intern Union vs. National Union of Healthcare Workers*, 598 F.3d 1061, 1071 (2010).

45. In such cases, there is more than a good reason to deny jurisdiction. *See Teamsters Local 20 vs. Lew*, 94 L.R.M.M. 2510; 1976 WL 1685 (N.D. Ohio 1976). The *Lew* decision holding that there was no 501 (a) jurisdiction was discussed in *International Union of Electronic Workers v. John E. Statham, III, individually and as trustee and former trustee of IUE 353B, formerly known as Pabst Brewery Workers of Georgia,* 97 F3d 1416 (2015); presided over by 3 Senior Circuit Judges with an opinion by 8th Circuit Judge, John R. Gibson, who distinguished *Lew(supra);* but still concluded that jurisdiction exists as long as the relief sought is equitable, *not legal. (emphasis*

7

*supplied)*. In short, if the Plaintiff union seeks money damages against its former officer, there is no federal court jurisdiction. On September 20,2022, *Communications Workers of America, Local 9423, Plaintiff v. Monica Alvarado, Defendant,* 2022 WL 4359224, the Court held that a union may not bring a cause of action in federal court against its elected secretary-treasurer within the meaning of the LMRDA and dismissed the case pursuant to Rule 12(b)(1) and for failure to state a claim under Rule12(b)(6) where in effect there is no standing as well as the failure to state a claim. Further the Court then cited Fed. R. Civ. P. 12(h)(3) ruling further that there is no federal question at issue as the Plaintiff alleges in this case and holding further that the defendant may raise the defense of lack of subject-matter jurisdictions under Rule12(b)(1) See also *Mims v. Arrow Fin. Servs., LLC,* 565 US.368, 376-77 (2012) and *Kokkonen v. Guardian Life Ins.* 511 U.S. 375, 377 (1994).

46. The foregoing case law has developed correctly because there is no express statutory language confirming upon a union, per se, a right to sue even its own officers. Officers and those officials of another union are a much further point removed for all jurisdictional purposes. State court jurisdiction is not an issue in this case.

47. An amendment to Plaintiff's Complaint would be futile because even if Plaintiff's alleged other facts, the Plaintiffs could not bring a claim under Section 501 of the LMRDA under this fact situation. *See also, Gammil vs. U.S. Dep't of Educ.*, 989 F.Supp. 2d 118, 120, 121 (D.D.C. 2013).

48. The standard for a lack of subject-matter jurisdiction of federal court establishes that "federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Citing Kokkonen vs. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 Sup. Ct. 1673, 128 L. Ed. 2d 391 (1994)

(Internal citations omitted). See also *Hodi Tribe et al. Plaintiffs, vs. Donald J. Trump*, in his official capacity of President of the United States, Defendant, 2018 WL 4701962 D.D.C. (*citing Gammil* for the proposition that a dismissal can be granted for the failure to state a claim at any time or for any reason).

49. In *Oxford Health Inc.*, Plaintiff, vs. *Motherly Love Home Care Services, Inc.*, 237 F.Supp.3d 25 (2017), the court dismissed the case claiming that the insurer lacked standing to seek equitable relief under ERISA in the form of declaratory judgment and the Declaratory Judgment Act did not provide an independent basis for federal jurisdiction over the action. Motion to Dismiss granted.

50. "It is well established that Courts are not to infer a grant of jurisdiction absent a clear legislative mandate." *Pressroom Union – Printers League Income SEC Fund vs. Cont'l Assurance Co.*, 700 F2d 889, 892 (2d. Cir. 1983).

          Respectfully submitted,

          GOFFSTEIN LAW, LLC

          /s/John H. Goffstein  
          John H. Goffstein, #MO19143  
          225 S. Meramec Avenue, Suite 402  
          Clayton, Missouri 63105  
          314.932.1919 – Office  
          314.932.5048 – Facsimile  
          john@goffsteinlaw.com

          Attorney for Defendant Bond

## CERTIFICATE OF SERVICE

On this day of 10th March 2023, the undersigned hereby certifies that a copy of the foregoing was electronically filed with the Courts ECF system, which will also email said document to all attorneys of record.

/s/John H. Goffstein