# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MID-AMERICA CARPENTERS REGIONAL COUNCIL, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:22-cv-00291-SEP ) |
| ALBERT BOND, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendant Albert Bond's Motion to Dismiss for Lack of Jurisdiction. Doc. [72]. For the reasons set forth below, the motion is construed as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and is granted.

### FACTS AND BACKGROUND[1]

Plaintiff is a labor organization that represents over 52,000 carpenters in Missouri, Kansas, Illinois, and portions of Iowa. Doc. [1] ¶ 1. Plaintiff is the successor to the St. Louis-Kansas City Carpenters Regional Council (St. Louis Council), where Defendant Albert Bond worked as Executive Secretary-Treasurer before that organization was dissolved. *Id.* ¶¶ 2, 14-15. While in that position, Bond, acting on behalf of the St. Louis Council and without its authorization, entered into a series of agreements with Defendants Interrail Outdoor, LLC, and Foxpoint Interactive, LLC. *Id.* ¶¶ 21, 41-43, 45-47. He also used Saint Louis Council assets to fund personal expenses and authorized retroactive payment of his salary without authorization. *Id.* ¶¶ 55-58, 63-64.

On March 10, 2022, Plaintiff filed its complaint against Bond, Interrail, and Foxpoint. Doc. [1]. Counts I, IV, VI, and VII allege that Bond violated his fiduciary duties under Section 501(a) of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA). Counts II and V seek declaratory judgments against Interrail and Foxpoint, respectively. In Count III, Plaintiff brings a state law claim for unjust enrichment against Interrail and Foxpoint. In response, Defendant Bond asserts five state-law counterclaims against Plaintiff. *See* Doc. [41].

---

[1] For purposes of a motion to dismiss, the Court assumes that the factual allegations in the complaint, Doc. [1], are true. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

On March 10, 2023, Defendant Bond filed a motion to dismiss for lack of jurisdiction. Doc. [72]. Defendant argues, among other things, that Plaintiff has no cause of action under Section 501 of the Labor-Management Reporting and Disclosure Act. *Id.* at 2; 29 U.S.C. § 501. Specifically, Defendant claims that "Section 501(a) provides no statutory cause of action for a union, such as the plaintiff in this case, to [sue for] a breach of fiduciary duty. . . ." Doc. [72] at 2. Defendant casts his arguments in jurisdictional terms, but because the motion calls on the Court to consider the scope of Section 501's private right of action as applied to unions—not whether a private right of action exists at all—the issue is properly considered under Federal Rule of Civil Procedure 12(b)(6). *See Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 642-43 (2002) ("[T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction. . . ."); *Int'l Union, Sec., Police & Fire Pros. of Am. v. Faye*, 828 F.3d 969 (D.C. Cir. 2016) ("[T]he question whether the plaintiff has a cause of action is distinct from the question whether a district court has subject matter jurisdiction."); *see also Less v. Lurie*, 789 F.2d 624, 625 n.1 (8th Cir. 1986) (approving, when appropriate, treatment of Rule 12(b)(1) motions as motions under Rule 12(b)(6)). The Court therefore takes up the question whether Section 501 of the LMRDA provides unions, not just union members, a federal cause of action under Rule 12(b)(6).

## LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the plaintiffs to give "a short and plain statement of the claim showing that the pleader is entitled to relief." To meet that standard and survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). The requirement of facial plausibility means the factual content of the plaintiffs' allegations must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).

# DISCUSSION

Section 501(a) of the LMRDA, entitled "Duties of officers; exculpatory provisions and resolutions void," provides:

> The officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group. It is, therefore, the duty of each such person, taking into account the special problems and functions of a labor organization, to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder, to refrain from dealing with such organization as an adverse party or on behalf of an adverse party in any matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization, and to account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization. A general exculpatory provision in the constitution and bylaws of such a labor organization or a general exculpatory resolution of a governing body purporting to relieve any such person of liability for breach of the duties declared by this section shall be void as against public policy.

29 U.S.C. § 501(a). Section 501(b), entitled "Violation of duties; action by member after refusal or failure by labor organization to commence proceedings; jurisdiction; leave of court; counsel fees and expenses," then states:

> When any officer, agent, shop steward, or representative of any labor organization is alleged to have violated the duties declared in subsection (a) and the labor organization or its governing board or officers refuse or fail to sue or recover damages or secure an accounting or other appropriate relief within a reasonable time after being requested to do so by any member of the labor organization, ***such member may sue such officer, agent, shop steward, or representative in any district court of the United States*** or in any State court of competent jurisdiction to recover damages or secure an accounting or other appropriate relief for the benefit of the labor organization. No such proceeding shall be brought except upon leave of the court obtained upon verified application and for good cause shown, which application may be made ex parte. The trial judge may allot a reasonable part of the recovery in any action under this subsection to pay the fees of counsel prosecuting the suit at the instance of the member of the labor organization and to compensate such member for any expenses necessarily paid or incurred by him in connection with the litigation.

29 U.S.C. § 501(b) (emphasis added). In sum, Section 501(b) provides a "member of the labor organization" with a federal cause of action to enforce the fiduciary duties listed in Section

3

501(a) "for the benefit of the labor organization." *Id.* Given the plain language of the statute granting only union members a federal cause of action, even Plaintiff admits that Section 501 does not grant it an express cause of action. Doc. [76] at 10. Instead, Plaintiff asserts that Section 501 *impliedly* grants unions a federal cause of action. *Id.*

The question whether Section 501 provides unions with an implied cause of action has divided federal courts. *Compare Int'l Union, Sec., Police & Fire Pros. of Am. v. Faye*, 828 F.3d 969 (D.C. Cir. 2016) (finding an implied cause of action); *Int'l Union of Operating Engineers, Loc. 150 v. Ward*, 563 F.3d 276 (7th Cir. 2009) (same); *Int'l Union of Elec., Elec., Salaried, Mach. & Furniture Workers v. Statham*, 97 F.3d 1416 (11th Cir. 1996) (same), *with Bldg. Material & Dump Truck Drivers, Loc. 420 v. Traweek*, 867 F.2d 500 (9th Cir. 1989) (finding no implied cause of action); *Faye*, 828 F.3d at 969 (Kavanaugh, J., dissenting) (same); *United Bhd. of Carpenters & Joiners of Am. v. Shapiro*, 2023 WL 2161701, at *2 (W.D. Wash. Feb. 22, 2023) (same). The Eighth Circuit has taken no position. After due consideration, the Court concludes that Section 501 does not create an implied cause of action for unions.

"[P]rivate rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (citing *Touche Ross & Co. v. Redington*, 442 U.S. 560, 578 (1979)). Courts should therefore be "reluctant to infer intent to provide a private cause of action where the statute does not supply one expressly." *Sosa v. Alvarez-Machain*, 542 U.S. 692 (2004). "Courts may find an implied cause of action only if they determine that the statute 'displays an intent to create not just a private right but also a private remedy.'" *Faye*, 828 F.3d at 985 (Kavanaugh, J., dissenting) (quoting *Sandoval*, 532 U.S. at 286).

The text of Section 501(b) "does not contemplate a suit brought by a union." *Traweek*, 867 F.2d at 506. Section 501(b) empowers any "member of the labor organization" to sue a union "officer, agent, shop steward, or representative . . . in any district court of the United States" for breaching the fiduciary duties listed in Section 501(a). 29 U.S.C. § 501(b). Nowhere does the text authorize suits brought by unions. "Indeed, the text of Section 501 strongly suggests that Congress did *not* want unions to have a federal cause of action. . . . After all, 'express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others.'" *Faye*, 828 F.3d at 985 (Kavanaugh, J., dissenting) (quoting *Sandoval*, 532 U.S. at 290). Plaintiff makes several attempts to persuade the Court to reject the straightforward reading of Section 501. They all fall short.

4

First, relying on the Seventh Circuit's reasoning in *Ward*, Plaintiff argues that Section 501(a), rather than Section 501(b), creates an implied cause of action for unions. Doc. [76] at 10 (citing *Ward*, 563 F.3d at 286-87). In *Ward*, the court found that "the statutory language" of Section 501(a) "manifests an intent 'to create new rights' for labor unions," and "implies the creation of a federal remedy for the union as well." *Ward*, 563 F.3d at 286-87 (citing *Sandoval*, 532 U.S. at 289). The court also reasoned that the derivative action created in Section 501(b)—which allows union members to sue "for the benefit of the labor organization," 29 U.S.C. § 501(b)—"merely reinforces . . . the implication" that a union may sue under Section 501(a). *Ward*, 563 F.3d at 287. According to the Seventh Circuit, Section 501(b) "does nothing more than grant union members the right to sue on a union's behalf," since Section 501(a) does not suggest that "union members themselves could sue for fiduciary violations committed against the union." *Id.* And because Section 501(b) "conditions union members' right to sue on the union's refusal or failure to bring suit itself," that implies that unions can sue under the statute in federal court. *Id.*; *see also id.* at 288 ("It would be anomalous indeed to read this statutory scheme as remitting the union's own suit—which is primary under the statutory hierarchy—to state court.").

The problem with that reasoning is that it finds no support in the text of Section 501. Section 501(a) imposes certain duties on "officers, agents, shop stewards, and other representatives of a labor organization," which Section 501(b) empowers union *members* to enforce "for the benefit of the labor organization" through a derivative suit. *See* 29 U.S.C. § 501(a), (b); *see also Traweek*, 867 F.2d at 506 ("[I]n § 501(b) actions, the individual member acts in a representative capacity for the benefit of the union and on behalf of the union. A plaintiff in a § 501(b) action cannot seek to recover damages personally, but must seek a remedy for the union as a whole."). The fact that a union member may not bring suit under Section 501(b) until the union refuses or fails to bring a lawsuit does not, by itself, imply that Congress intended to give unions a federal cause of action. "[T]his language does not concern a union's refusal or failure to bring a claim under section 501; instead, it allows union members to bring an action after the union's refusal to bring a claim generally, such as a state law claim, an avenue that has long been available to unions." *Shapiro*, 2023 WL 2161701, at *4; *see also Faye*, 828 at 986 (Kavanaugh, J., dissenting) ("When Congress enacted Section 501, it knew that unions already had state-law causes of action available to them.") (citations omitted).

5

Plaintiff also argues that the Eighth Circuit has urged a "broad interpretation" of Section 501, which supports finding an implied cause of action. Doc. [76] at 4-5, 8 (first citing *United States v. Goad*, 490 F.2d 1158, 1161 (8th Cir. 1974); then citing *Gaston v. Teamsters Loc. 600, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 614 F.3d 774, 778 (8th Cir. 2010); and then citing *Int'l Ass'n of Machinists & Aero. Workers v. Schimmel*, 128 F.3d 689, 694 (8th Cir. 1997)). But even a "broad interpretation" of a statute must adhere to the text passed by Congress and approved by the President. And Plaintiff points to nothing in any Eighth Circuit opinion that is incompatible with the conclusion that unions lack an implied cause of action under Section 501.

Plaintiff claims that, "as a result of the Eighth Circuit's broad interpretation of Section 501, claims brought by labor organizations within this Circuit have been determined on their merits under both [Sections] 501(a) and (b)." Doc. [76] at 7 (first citing *Loc. 314, Nat. Post Off. Mail Handlers v. Nat'l Post Off. Mail Handlers*, 572 F. Supp. 133 (E.D. Mo. 1983); then citing *Stodghill v. Serv. Emps.' Int'l Union, Loc. 50, AFL-CIO*, 13 F. Supp. 2d 960 (E.D. Mo. 1998)). But the two cited cases are unilluminating, because the issue of whether unions possess a federal cause of action under Section 501 was neither raised nor decided in either. *See United States v. Shabani*, 513 U.S. 10, 16 (1994) ("[Q]uestions which 'merely lurk in the record' are not resolved, and no resolution of them may be inferred. . . ." (quoting *Ill. Bd. of Elections v. Socialist Workers Party*, 440 U.S. 173, 183 (1979)).

Lastly, Plaintiff argues that dismissing this case would waste "judicial resources and those of the union members on whose behalf Plaintiff filed this suit . . . only to have the Plaintiff in this case relegated to state court as their only means of holding Bond accountable for his misappropriation of union funds." Doc. [76] at 13. Because Plaintiff provides no legal authority suggesting that a court may consider the resources of the Court, the parties, or third parties when determining whether a statute provides a cause of action, the Court disregards that argument.

## Conclusion

For the foregoing reasons, the Court dismisses with prejudice Plaintiff's LMRDA claims, as well as its LMRDA-predicated declaratory judgment claims, for failure to state a claim. The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law unjust enrichment claim or Defendant Bond's state-law counterclaims; the state-law claims are dismissed without

prejudice.  *See* 28 U.S.C. § 1367(c); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, Doc. [72], is **GRANTED**.

**IT IS FURTHER ORDERED** that Counts I, II, IV, V, VI, and VII of the Complaint are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Count III of the Complaint and all of Defendant Bond's counterclaims are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that all remaining pending motions are **DENIED as moot**.

A separate order of dismissal accompanies this Memorandum and Order.

Dated this 31st day of March, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE